1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  SHELSHEE JONES,                          No.  2:16-cv-0215 TLN GGH PS

12              Plaintiff,

13         v.                                ORDER

14  ELK GROVE UNIFIED SCHOOL
    DISTRICT, et al.,
15
                Defendants.
16

17

18         Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

19  pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

20  302(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted an affidavit making the

21  showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma

22  pauperis will be granted.

23         The determination that plaintiff may proceed in forma pauperis does not complete the

24  required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

25  any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

26  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

27  an immune defendant.

28  ////

                                      1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a cause of

9    action;" it must contain factual allegations sufficient to "raise a right to relief above the

10   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11   "The pleading must contain something more...than...a statement of facts that merely creates a

12   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

14   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

16   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

17   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

18   Id.

19   Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

20   S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

21   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

22   proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

23   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24   The complaint alleges that defendant Elk Grove Unified School District ("EGUSD")

25   failed to stop attempted sexual activity that boys initiated with plaintiff's daughter on the campus

26   of Laguna Creek High School after plaintiff reported several incidents.  In fact, plaintiff asserts,

27   the school documented that plaintiff was the problem.  (ECF No. 1 at 7.)  On one such occasion,

28   June 16, 2015, plaintiff was on campus to pick up her daughter but could not locate her.  She

2

1   asked the school to help her, but was referred to school police.  (Id. at 7-8.)  Plaintiff found her

2   daughter herself, at the back of the school with a boy, her shirt lifted.  Plaintiff told the boy to go

3   home, but then plaintiff and her daughter encountered school Officer Book who twisted her

4   daughter's arms and put her into a police car, threatening to take her to the "receiving home" for

5   resisting arrest.  He backed down after plaintiff begged him not to do that.  Plaintiff then returned

6   to the school the next day to make a complaint against Officer Book.  Officer Book's supervisor

7   informed plaintiff that Officer Book was trying to build a rapport with plaintiff's daughter, and

8   then the supervisor made a false report to Child Protective Services ("CPS"), claiming that

9   plaintiff twisted her daughter's arm.  Officer Book thereafter wrote plaintiff a letter directing her

10  to stay off Elk Grove School property for fourteen days, which was sent to all schools in the

11  EGUSD, slandering plaintiff.  On June 25, 2015, plaintiff received a letter from EGUSD,

12  informing her that it no longer wanted to employ her.  (Id. at 8.)  The complaint adds that Officer

13  Book made a false statement about plaintiff, which libeled and slandered her character.  Plaintiff

14  next claims that she was arrested on June 26, 2015, by defendant Elk Grove Police Department,

15  and the white arresting officer placed the handcuffs too tightly around plaintiff's wrists, causing

16  cuts, even though plaintiff had not resisted arrest.  (Id. at 9.)  Claims are for defamation, slander,

17  filing a false report with CPS, and failure to protect.  Plaintiff seeks an unspecified amount of

18  damages for job loss, cuts on her arm, and loss of her children.

19          In the form portion of the complaint, plaintiff has checked federal question jurisdiction;

20  however, the portion requesting the specific federal statute or portion of the U.S. Constitution, is

21  not completed, other than plaintiff's notation, "N/A."  (ECF No. 1 at 3-4.)

22          The court is unable to determine a jurisdictional basis for this action.  A federal court is a

23  court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution

24  and by Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673,

25  1675 (1994).  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is

26  vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time

27  ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as

28  limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S.

1    Ct. 2206, 2212 (1992).  Lack of subject matter jurisdiction may be raised at any time by either

2    party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593,

3    594-95 (9th Cir. 1996).

4         The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

5    question" and "diversity" jurisdiction, respectively.  Statutes which regulate specific subject

6    matter may also confer federal jurisdiction.  See generally, W.W. Schwarzer, A.W. Tashima & J.

7    Wagstaffe, Federal Civil Procedure Before Trial § 2:5.  Unless a complaint presents a plausible

8    assertion of a substantial federal right, a federal court does not have jurisdiction.  See Bell v.

9    Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945).  A federal claim which is so insubstantial as

10   to be patently without merit cannot serve as the basis for federal jurisdiction.  See Hagans v.

11   Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

12        A less stringent examination is afforded pro se pleadings, see Haines v. Kerner, 404 U.S.

13   519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), but simple reference to federal law does not create

14   subject matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995).  Subject

15   matter jurisdiction is created only by pleading a cause of action that is within the court's original

16   jurisdiction.  Id.

17        The complaint fails to allege a violation of a federal statute or the United States

18   Constitution.  The only legal theories alleged are state law torts, such as libel, slander,

19   defamation, and the filing of a false report.  Plaintiff will be given the opportunity to amend her

20   complaint in order to allege federal question jurisdiction.

21        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

22   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

23   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

24   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

25   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

26   Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

27   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

28   ////

4

1  allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board</u>

2  <u>of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3           In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

4  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

5  complaint be complete in itself without reference to any prior pleading.  This is because, as a

6  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Forsyth v. Humana,</u>

7  <u>Inc.</u>, 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, <u>Lacey v. Maricopa</u>

8  <u>County</u>, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,

9  the original pleading no longer serves an operative function in the case.  Therefore, in an

10  amended complaint, as in an original complaint, each claim and the involvement of each

11  defendant must be sufficiently alleged.

12           Good cause appearing, IT IS ORDERED that:

13           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14           2.  The complaint is dismissed for the reasons discussed above, with leave to file an

15  amended complaint within twenty-eight (28) days from the date of service of this Order.  The

16  amended complaint must comply with the requirements of the Federal Rules of Civil Procedure,

17  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

18  this case and must be labeled "Amended Complaint;" failure to file an amended complaint will

19  result in a recommendation that this action be dismissed.

20  Dated: March 11, 2016

21                    /s/ Gregory G. Hollows

22                UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27  GGH:076/Jones0215.am

28

5